IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

AARON HARRELL,               )
                             )
    Plaintiff,               )
                             )
v.                           ) CIVIL ACTION NO. 2:13-00056-N
                             )
CAROLYN COLVIN, Acting       )
Commissioner of Social Security, )
                             )
    Defendant.               )

ORDER

This action is before the Court[1] on an application (doc. 25) filed by the plaintiff, Aaron Harrell, for attorney fees under the Equal Access To Justice Act, 28 U.S.C. § 2412, and the response in opposition (doc. 27) filed by the Commissioner of Social Security.[2] The Commissioner does not contest the reasonableness of the requested attorney's fees, but instead contends that no attorney's fees should be awarded in this matter because his position in this case was substantially justified (doc. 27 at 3-4) and that, if the Court determines otherwise, any attorney's fees awarded should be awarded directly to the plaintiff (*id*. at 4-5). For the reasons explained below, and pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court finds that

---

[1] Pursuant to the consent of the parties (doc. 19), this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73. *See* Doc. 21.

[2] Plaintiff was given an opportunity to reply (doc. 28) to the Commissioner's opposition but neither filed a reply nor requested an extension of time within which to do so.

the Commissioner's position in this litigation was substantially justified, and accordingly, the plaintiff's application for attorneys' fees under the EAJA must be **DENIED**.[3]

I. Underlying Determination.

In this case, the Court found that remand was necessary because the ALJ erred in discounting the opinion of plaintiff's examining consultant, Donald W. Blanton, Ph.D., and did not properly reject plaintiff's contention that he satisfied the requirements of Listing 12.05C. (Doc. 23 at 23-30, 30-32). On this basis, the Court concluded that the Commissioner's denial of benefits was not supported by substantial evidence. (*Id*. at 32).

II. The Substantial Justification Standard.

The Equal Access to Justice Act requires a district court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

---

[3] The plaintiff's application asserts only a claim for attorney's fees. *See* Doc. 25 at 1 (Calculating attorney's fees only.); Doc. 25-2 (Attorney's time entries). The Court points this out because, even if a court determines that the Commissioner's position is substantially justified, a plaintiff is still entitled to recovery of costs. *See e.g*., Leonard v. Commissioner of Soc. Sec., 2009 WL 5908804, at *1 (M.D. Fla. Feb. 23, 2010) ("The EAJA authorizes the recovery of three types of litigation expenditures. First, under 28 U.S.C. § 2412(a), a prevailing party opposing the United States in 'any civil action' 'may be awarded' costs as delineated in 28 U.S.C. § 1920.") (*quoting* Jean v. Nelson, 863 F.2d 759, 776 (11th Cir. 1988)).

2

While "'[s]ubstantially justified' is one of the myriad phrases in the law that has no precise or fixed definition[, t]he Supreme Court has said that it means 'justified in substance or in the main.'" Grieves v. Astrue, 600 F. Supp. 2d 995, 999 (N.D. Ill. 2009)(*quoting* Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "A position that is 'substantially justified' must have a 'reasonable basis both in law and in fact.'" (*Id*., *quoting* Pierce, 487 U.S. at 565); *cf.* Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004)(a position is substantially justified if a "reasonable person could believe the position was correct").

> EAJA decisions necessarily involve exercises of discretion because of the sheer impracticability of formulating a rule of decision in such cases. Questions that arise under the Act, like many that arise in litigation generally, are not amenable to regulation by rule because they involve multifarious, fleeting, special, narrow facts that utterly resist generalization—at least, for the time being.

Grieves, 600 F. Supp. 2d at 999 (internal citations and quotation marks omitted and other modifications to original).

> It is also essential to recall that "a position can be justified even though it is not correct," Pierce, 487 U.S. at 566, n.2, and "[the government] could take a position that is substantially justified, yet lose [on the merits]." *Id*. at 569. Analysis of questions of substantial justification must take into account the government's position in the underlying action and the litigation posture it took while defending the validity of that action in court. 28 U.S.C. § 2412(d)(2)(D). But, substantial justification should not be confused with the "substantial evidence" standard that applies to a court's initial review of the case. Indeed, the Supreme Court has cautioned that consideration of a fee petition "'should not result in a second major litigation.'" Pierce, 487 U.S. at 563. Thus, an EAJA petition requires the court to revisit the legal and factual circumstances of this case from a different perspective—the elusive standard of substantial justification—than it did in reviewing the record on the initial go-round to determine whether there was substantial evidence to

3

support the conclusion.

Id. at 1000 (internal citations modified and some omitted).

    III.    <u>Under the facts of this case, the position of the Commissioner in this litigation was substantially justified</u>.

Harrell has offered no basis or explanation for his contention that the Commissioner's position in this case "was not substantially justified" other than the fact that "he is the prevailing party in this action." (Doc. 25 at 2). The Commissioner has not only discussed the inconsistencies relied on by the ALJ to discount Dr. Blanton's diagnosis of "Mild Mental Retardation (Tr. 284)," namely that Harrell "was alert and oriented to time, place, person, and situation, and demonstrated logical thoughts and conversation, intact associations, fair judgment, and no psychomotor retardation (Tr. 282),"[4] but has referred to the evidence demonstrating Harrell's ability to "communicate his past medical history and his symptoms to physicians well enough to receive treatment," to perform his own self care, cook meals, shop, handle money, have a driver's license, spend time interacting with relatives, marry and have four children, as well as accrue a significant work history from 1975 to 2005. (*Id*. at 26, 31).[5] Harrell has not attempted to show that this evidence could not lead a reasonable person to believe that Harrell's impairments do not meet or equal Listing 12.05C.

---

[4] *See* Doc. 27 at 4; Doc. 23 at 24-25.

[5] Although the Court raised a question concerning the degree of significance to be given Harrell's work history in light of his reported income (doc. 23 at 26-27 and n. 16), the ALJ was still entitled to give some significance to that work history because he was employed in some capacity every single year during that period. (Tr. 116).

This Court found the evidence to be insufficient principally because the ALJ did not question the validity of the I.Q. score. On this basis, the Court found that Dr. Blanton's diagnosis of "Mild Mental Retardation was uncontroverted by any other examining mental health professional and supported by objective testing. (Doc. 23 at 23-30). Dr. Blanton's opinion did not, however, conclusively establish Harrell's entitlement to a Listing 12.05C designation. (Doc. 23 at 31). Consequently, the Court now finds that, although the ALJ's decision in this case was not supported by substantial evidence, her decision was nonetheless substantially justified by Harrell's own testimony and uncontested abilities.

CONCLUSION

For the reasons stated above, it is **ORDERED** that Harrell's application for attorney's fees under the Equal Access to Justice Act is hereby **DENIED.**

**DONE** this  19th  day of March, 2014.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**